## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GRANDISON MANAGEMENT INC.** | : |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **KEVIN K. MCALEENAN, Acting Secretary,** | : |
| **U.S. Department of Homeland Security;** | : |
| **L. FRANCIS CISSNA, Director, U.S.** | : |
| **CITIZENSHIP AND IMMIGRATION** | : |
| **SERVICES; Defendants; U.S. DEPARTMENT** | : |
| **OF HOMELAND SECURITY; and U.S.** | : |
| **CITIZENSHIP AND IMMIGRATION** | : |
| **SERVICES** | : |
| **Defendants** | : |

## I.    INTRODUCTION

1.      This is an action brought pursuant to section 10b of the Administrative Procedure

Act, 5 U.S.C. 702 *et seq.*, seeking to hold unlawful and set aside the October 30, 2018,

decision of the Director of the Nebraska Service Center of the U.S. Citizenship and

Immigration Services ("USCIS"), denying the Form I-140 petition for an employment-based,

third preference immigrant visa (EB-3 petition) filed by plaintiff Grandison Management, Inc.

("Grandison") on behalf of beneficiary Pamela Joy Diaz Abantao ("Abantao"), on the grounds

that the decision was arbitrary and capricious.

2.      At the time of the denial, Abantao had been lawfully working as a physical

therapist for Grandison at the same facility for more than two years under an H-1B visa and

extension. Despite those facts, the EB-3 petition was denied on grounds that Grandison

purportedly failed to: meet regulatory requirements in describing the job requirements;

establish that a bona fide employer-employee relationship exists; and establish that it has the

ability to pay the proffered wage.

1

3. Denial on these grounds is not supported by the substantial evidence in the record, is contrary to established legal precedents and the plain language of applicable regulations, and is arbitrary, capricious and an abuse of discretion. The decision must be set aside under the standards of 5 U.S.C. § 706.

## II.   PARTIES

4. Plaintiff Grandison is a New York corporation with offices in New York and New Jersey. Grandison is a staffing agency providing services to healthcare organizations, including locating trained healthcare professionals such as physical and occupational therapists to work at facilities across the country.

5. Beneficiary Abantao is a native and citizen of the Philippines who has been lawfully employed by Grandison pursuant to an earlier H-1B petition approved by USCIS and subsequently extended. She has been lawfully working at a facility in Buffalo, New York since shortly after her entry into the United States on August 26, 2016.

6. Defendant Cissna is the Director of USCIS. He is responsible for USCIS's policies, practices and procedures and oversees the USCIS officer responsible for making the decisions at issue in this case. Defendant Cissna is sued in his official capacity.

7. Defendant McAleenan is the Acting Secretary of the Department of Homeland Security (DHS), the federal agency encompassing USCIS which is responsible for administration and enforcement of the immigration and nationality laws of the United States. Defendant McAleenan is sued in his official capacity.

8. Defendant U.S. Citizenship and Immigration Services (USCIS) is an agency of the Department of Homeland Security (DHS) and is responsible for overseeing the adjudication of immigration benefits.

9.      Defendant U.S. Department of Homeland Security (DHS) is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications. DHS, like USCIS, is an "agency" within the meaning of 5 U.S.C. § 551(1).

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702, since this is a civil action against the United States arising under the Constitution, laws, or treaties of the United States, namely, the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*

11.     This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

### III.   VENUE

12.     Pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703, venue is proper in this district because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and agencies of the United States, headquartered in this district.

### IV.   STANDING

13.     Grandison has standing to bring this action as the petitioner for the EB-3 visa that was erroneously denied by USCIS.

14.     Grandison is entitled to seek judicial review of denial of the visa petition without any further administrative appeal. *See EG Enters., Inc. v. Dept. of Homeland Sec'y*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (plaintiff not required to appeal H-1B denial to the Administrative Appeals Office (AAO) prior to seeking judicial review in federal court); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997).

ME1 30168931v.7

## V.   BRIEF STATEMENT OF PROCEDURAL HISTORY

15.     The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes the admission to the United States of certain immigrants for the purpose of performing skilled or unskilled labor, provided that the U.S. Secretary of Labor has determined that (i) "there are not sufficient workers who are able willing, qualified … and available at the time of the application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor" and (ii) "the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1182(a)(5)(A).

16.     The regulations governing the procedures for obtaining such immigrant labor certifications are set forth in 8 C.F.R. part 656. *See* 8 C.F.R. §§ 656.1(b), 656.2. The Department of Labor ("USDOL") has determined that there are not sufficient United States workers who are able, willing, qualified, and available for certain occupations and that the wages and working conditions of United States workers similarly employed will therefore not be adversely affected by the employment of aliens. Those occupations are listed in what is known as Schedule A to the relevant regulations. *See* 8 C.F.R. § 656.5.

17.     Physical therapists are included in the Schedule A list of occupations, meaning that employers seeking labor certifications for a physical therapist may apply for the certification under 8 C.F.R. § 656.15.

18.     On December 1, 2017, Grandison filed an Immigrant Petition for Alien Worker (Form I-140) with USCIS, seeking to classify Abantao as an employment-based immigrant under the INA. Specifically, the petition sought the visa pursuant to 8 U.S.C. § 1153(b)(3)(A)(ii) and 8 C.F.R. part 656, as Abantao is a physical therapist. The petition was assigned USCIS receipt number LIN1890117639.

19.     The petition was accompanied by an Application for Permanent Employment Certification (Form ETA 9089), as well as an approved Application for Prevailing Wage Determination (Form ETA 9141), as required by 8 C.F.R. § 656.15.

20.     The petition sought to make more permanent Abantao's employment by Grandison as a physical therapist at the same location in Buffalo, New York where she has been employed since September 2016.

21.     On October 30, 2018, USCIS denied the petition (the "Denial").

22.     The stated grounds for the Denial were:

    a.     Forms ETA 9089 and 9141 did not meet the regulatory requirements because they "imply that a [physical therapy] license from any state is acceptable for the position," while the petition shows "the intended employment location to be [in] Buffalo," New York;

    b.     Grandison did not "establish that a bona fide employer-employee relationship exists" because it did not submit a "valid dated and signed" employment contract between Abantao and Grandison or contract between Grandison and the facility of employment; and

    c.     Grandison did not establish its ability to pay Abantao's proffered wage because the audited financial statements submitted with the petition "are not recent enough."

## VI.     CAUSE OF ACTION

23.     The APA provides in material part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall— …

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ….

5 U.S.C. § 706.

ME1 30168931v.7

24.     The Denial was arbitrary and capricious because USCIS's findings and conclusions were contrary to the evidence in the record and the applicable legal standards. Grandison provided evidence to satisfy its obligations under 8 U.S.C. § 1153 and relevant regulatory provisions.

A.      **Grandison's Petition Met the Regulatory Requirements**

25.     Relevant regulations require that the labor certifications submitted with the petition be tailored to the particular job opportunity and the area of intended employment. The forms Grandison submitted met those requirements by listing the location of the job offer, i.e., the "area of intended employment" and "where work will be performed" as Buffalo, New York.

26.     USCIS found that although Abantao is licensed in New York, the forms were not tailored to the position being offered because the job qualifications did not require a license to practice physical therapy in New York. Specifically, the Denial states that Grandison did not comply with regulatory requirements because Forms ETA 9089 and 9141 "imply that a license from any state is acceptable for the position" offered.

27.     USCIS wrongly based the Denial on the broader description of the skills needed to do the job Grandison offered to Abantao. Those sections of the Forms ETA 9089 and 9141 stated that a qualified job candidate could hold a physical therapy license in any state, or have no license but be immediately eligible to secure one.

28.     The forms state that a license from any state, or immediate eligibility for such, is acceptable for the position being offered because an applicant who has such a license has necessarily already passed the National Physical Therapy Examination (NPTE). Once someone passes the NPTE, he or she is eligible to be licensed in New York, meaning that it is just a matter of paperwork for someone licensed in a different state to secure a New York physical therapy

6

license. Where a license is required, the applicant need not have the license at the time the labor certification is granted, as long as the license can be obtained in a short period of time from entry and through a relatively ministerial process. *See, e.g., Aspire Public Sch.*, 2003-INA-254 (Sept. 9, 2004); *Pittsburgh ISD*, 2013-PER-937 (Dec. 18, 2017).

29. The Denial is directly contrary to the truth that USCIS may not ignore the labor certification or impose additional requirements beyond those on the Forms ETA 9089 and 9141. The USDOL decides the test of the labor market and determines the job requirements – USCIS decides if the alien has the credentials for the job and if the employer has the ability to provide the job. *See, e.g.*, *Hoosier Care, Inc. v. Chertoff*, 482 F.3d 987 (7th Cir. 2007); *Singh v. U.S. Att'y Gen'l*, 510 F. Supp. 351 (D.D.C. 1980).

30. Here, USDOL determined the job requirements by regulation, as the regulations concerning Schedule A specifically state that an alien may be certified as a physical therapist if that alien is qualified to take the written licensing examination. *See* 8 C.F.R. § 656.15(c)(1). That is consistent with Grandison's forms, which require either licensing, i.e., passage of the examination, or eligibility to take it. In addition, the USDOL certified the Form ETA 9141, which set out the same job requirements USCIS is now second guessing.

31. Because USDOL determines the job requirements, and the petition complied with those job requirements, USCIS's rejection of the petition on such grounds cannot stand.

**B.      Grandison Established a Bona Fide Employer-Employee Relationship**

32. The petition included evidence establishing an employer-employee relationship, including sworn responses on ETA Form 9089 listing Grandison as Abantao's current employer and her employer since September 2016 and a sworn statement that the proposed employment is not a new position.

33.     Abantao was already in the United States working for Grandison pursuant to an H-1B visa.

34.     USCIS found that Grandison did not establish a bona fide employer-employee relationship because it did not provide an employment contract with Abantao or a contract with the facility of employment. There is no legal requirement to produce employment or other contracts to demonstrate the existence of an employer-employee relationship.

35.     The only reasonable conclusion here, based on all of the evidence in the record, is that Grandison was employing Abantao. USCIS's decision was contrary to the facts and the law.

**C.     Grandison Established its Ability to Pay the Proffered Wage**

36.     Ability to pay may be established in multiple ways. *See* 8 C.F.R. § 204.5(g)(2). Grandison demonstrated in the petition that it has ample business revenue to pay Abantao's wage for the position, as it has been doing since September 2016.

37.     Despite that evidence, USCIS found that Grandison did not establish the ability to pay the proffered wage at the time the petition was filed because the petition attached audited financial statements from 2015, which USCIS deemed out of date.

38.     The 2015 audited financial statements were the most recent available at the time Grandison filed the petition in December 2017. The petition then took nearly one year to process, during which time the financial information grew older. USCIS had the ability to request additional information from Grandison so that it would have had the opportunity to provide more recent financial statements, and it arbitrarily decided not to do so.

ME1 30168931v.7

## VII.    <u>CONCLUSION</u>

WHEREFORE, Grandison respectfully requests that this Court hold unlawful and set aside the decision denying Grandison's petition for alien worker, submitted on behalf of Abantao, on the grounds that the denial was arbitrary and capricious and not in accordance with the law.


Dated: June 6, 2019                    Respectfully Submitted,

                                       **McCarter & English LLP**

                                       /s/ Matthew Wright
                                       Matthew Wright (DDC Bar No. 474731)
                                       McCarter & English LLP
                                       1301 K Street N.W., Suite 1000 West
                                       Washington, DC 20005
                                       (202) 753-3402 – Telephone
                                       (202) 354-4553 – Facsimile
                                       mwright@mccarter.com – E-mail

                                       *Counsel for Plaintiff Grandison Management, Inc.*

ME1 30168931v.7